FRUGÉ, Judge.
Evangeline Drilling Company, Bankhead Drilling Company, Inc., and Marque Drilling Co., Inc., plaintiffs below have appealed from a judgment dismissing their suit for specific performance arising out of two agreements affecting certain mineral rights. The facts of this case are somewhat detailed. The trial court has laboriously written an opinion which adequately sets forth the case, and this court not being able to improve upon it substantially accepts his opinion as part of its decision. We affirm.
“Suit was brought by Evangeline Drilling Company, Inc., as plaintiffs, against Charles H. Lawrence, Jr., and other nominal defendants. It is alleged that on July 19, 1962, petitioner, Evangeline Drilling Company, Inc., entered into a contract and letter agreement with Charles H. Lawrence, Jr., and that under this contract, Evangeline Drilling Company, Inc., was assigned one-half of Lawrence’s interest in certain farm-out tracts affecting some 1800 acres of land located in St. Landry Parish, and that as a consideration for the assign *899 ment, Evangeline Drilling Company, Inc., agreed to commence operations for the drilling of a well at a specified location on or about July 25, 1962.
It is further alleged that Evangeline Drilling Company commenced operations for the drilling of the well on or before July 25, 1962, and that the well was drilled in accordance with the terms and conditions of the agreement and a producing well resulted.
It is further alleged that on July 16, 1962, Evangeline Drilling Company, Inc., entered into a contract with Bankhead Drilling Company, Inc., and Marque Drilling Company, Inc., wherein Evangeline Drilling Company, Inc. leased certain drilling equipment from Bankhead and Mark, and as a consideration for the lease of this equipment, Evangeline agreed to pay certain rentals and to assign to Bankhead and Marque 25% of any interests it received as a result of the use of the equipment.
Petitioner further alleges that on August 1, 1962, Evangeline Drilling Company, Inc., entered into a second contract and letter agreement with Charles H. Lawrence, Jr., wherein Lawrence assigned one-half of his interest in certain farm-out contracts affecting an additional acreage located in the Parish of St. Landry. Evangeline Drilling Company agreed as a consideration to commencing operations for the drilling of a well on or about August 15, 1962. The petition further alleges that Evangeline drilled a well in accordance with the terms of the August 1, 1962 agreement that resulted in the completion of a gas distillate well.
The petition further alleges that the wells were drilled by Evangeline with equipment which Evangeline leased from Bankhead and Marque and that Bankhead and Marque are entitled to 25% of the interest earned by Evangeline.
Petitioners prayed for judgment ordering specific performance by the defendant, Charles H. Lawrence, Jr.
Plaintiffs filed a written request for Admission of Facts and Genuineness of Documents on Charles H. Lawrence, Jr., dealing with the letter agreements dated July, 1962, and August 1, 1962.
On July 10, 1963, Answer to Request for Admissions were filed, all of which are contained in the record.
In answering, Lawrence stated that he had offered one-half interest in the farm-out contracts to William P. Thompson and D. Paul Snodgrass, who accepted the offer and agreed to pay one-half of the drilling costs. Lawrence further stated that he was instructed by Thompson and Snod-grass to execute the assignments in favor of Evangeline Drilling Company as their nominee and that the agreements of July 19, 1962, and August 1, 1962, were executed in accordance with instructions given him.
Lawrence alleged that on or about September 23, 1962, that he was informed by Thompson and Snodgrass that they had terminated their relations with Evangeline Drilling Company, Inc., and that Evangeline Drilling Company, Inc., acting through its president, Ralph J. Abbey, had agreed to surrender for cancellation the assignments of July 19, 1962, and August 1, 1962, and that he was requested to prepare new assignments bearing the same dates as the original assignments, but in favor of Thompson and Snodgrass. The defendant further alleged that the statements and instructions of Thompson and Snodgrass were confirmed by Ralph J. Abbey and that Abbey did surrender a copy of each of the documents, and that new assignments in favor of Thompson and Snodgrass were executed.
*900 William P. Thompson and H. Paul Snodgrass intervened, joining Lawrence in his defense of the suits, setting forth that Ralph J. Abbey, as president of the Evangeline Drilling Company, Inc., had, in September, 1962, returned to William P. Thompson the letter agreements between Charles H. Lawrence, Jr., and the Evangeline Drilling Company, Inc., and that the said Ralph J. Abbey had executed an agreement with Thompson and Snodgrass on September 19, 1962 relinquishing his interest in the mineral farm-outs and that subsequently, Evangeline Drilling Company, Inc., and Ralph J. Abbey, individually, had executed a deed in Dallas, Texas, on March 30, 1963, conveying their interest in the leaseholds to Thompson, Snodgrass and Lawrence. The defendant, Lawrence, and the intervenors, Thompson and Snodgrass, further allege that the Evangeline Drilling Company had retained a mechanically reproduced copy of one of the letter agreements which was supposed to be surrendered to Thompson, which copy was subsequently placed in the records of St. Landry Parish.
The plaintiffs did not make any reference in their petition to the agreement of September 19, 1962, or the deed executed on March 30, 1963.
The defendant’s answer and intervenors’ petition allege that the original letter agreements of July 19, 1962, and August 1, 1962 between Lawrence and Evangeline Drilling Company, on which the plaintiffs’ suit is based, were no longer in effect when the suit was filed. If this is so, the Court is powerless to order specific performance under the said agreements of July 19, 1962, and August 1, 1962.
The trial lasted several days and the record is voluminous, consisting of a great deal of oral testimony and numerous documentary offerings. After the trial, the Court has studied the record and read the very informative briefs filed by counsel, and it has attempted to separate the wheat from the chaff.
Neither the intervenors, nor the defendant, Lawrence, are claiming title or ownership to any mineral interest as against the plaintiffs.
It was shown that the defendant, Lawrence, secured certain farm-outs covering two sets of acreages in St. Landry Parish and secured the participation of Thompson and Snodgrass to cover some of the costs of development. In any event, Lawrence, Thompson, Snodgrass and Ralph J. Abbey participated in the discussion which led to the agreements of July 19, 1962 and August 1, 1962. We find in the record in a letter of August 15, 1962 from the Evangeline Drilling Company to Snodgrass and Thompson relative to monies to be received by Evangeline Drilling Company from Lawrence, Thompson and Snodgrass as a consideration of which Evangeline Drilling Company was to earn 21/64s of the working interest in the leasehold.
The record discloses that Ralph J. Abbey and his corporation, Evangeline Drilling Company, Inc., had financial difficulties in proceeding with drilling of the wells contracted for under the two agreements with Lawrence.
In September of 1962, Ralph J. Abbey met with Thompson and Snodgrass who arranged a $75,000 loan for him at the National Bank of Commerce at New Orleans, which loan was guaranteed by Thompson and Snodgrass.
As a result of this transaction and also in further consideration of other amounts due Thompson and Snodgrass, Abbey released his interest in the St. Landry Parish leaseholds by agreeing that they should be transferred to Thompson and Snodgrass, leaving to Ralph J. Abbey only a contingent right to be calculated and determined at a future date. Neither of the letter *901 agreements of July 19th and August 1, 1962 had been recorded, and Ralph J. Abbey agreed to mail the agreements from Dallas, Texas to Thompson in New Orleans for destruction. On September 23rd, new letter agreements were prepared identical in contents and date with those given to Ralph J. Abbey by Lawrence.
Although title to mineral rights cannot be established by parole testimony, the Court is of the opinion that the mineral rights which may have been acquired by Evangeline Drilling Company and/or Ralph J. Abbey have been extinguished by the voluntary surrender and the written agreement of September 19, 1962.
The Court, being of the opinion, for these and other reasons orally assigned, that the letter agreements of July 19, 1962 and August 1, 1962 were in effect surrendered for destruction, and that the written agreement of September 19, 1962, terminated all the rights of Ralph J. Abbey and Evangeline Drilling Company, and because of the written and signed quit-claim deed of March 30, 1963, conveyed out of Abbey and the Evangeline Drilling Company any mineral rights they might have held prior to the institution of the suit, that plaintiffs’ suit should be dismissed.”
Essentially, the question presented is: Were the rights of appellant, Evangeline Drilling Company, Inc., under the agreements of July 19, 1962 and August 1, 1962, extinguished by the surrender of the originals of those instruments? There is no requirement of a formal writing to extinguish such rights. Article 2199 of the Civil Code states:
“The remission of the debt is either conventional, when it is expressly granted to the debtor by a creditor either having (creditor having) a capacity to alienate;

Or tacit, when the creditor voluntarily surrenders to his debtor the original title under private signature which establishes the obligation

This article comes under the Section 3-entitled- “0f the Emission of the Debt”, found in ChaPter 5 of the Civil Code which establishes the manner m which ob]igations may be extinguished.
A more complete explanation of the applicable law is to be found in Planiol (English translation) Volume 2, Part 1, No. 616, p. 334, which states:
“When the creditor surrenders the title to his debtor, the law draws from such fact a presumption of liberation; but it must first be established that the title was voluntarily surrendered, upon which the presumption is based. Such fact does not have to be proved by a writing; it is not a juridical act but a fact pure and simple, the proof of which is receivable by all the available means of proof, even by circumstantial evidence or presumptions of fact.” (Emphasis ours)
Similar statements are found in Aubry & Rau “Droit Civil Francais” (English Translation by Louisiana State Law Institute) in Volume 1, Sec. 323 at page 220; and “Pothier’s Obligations” (1826 English Text) Volume 1, Sec. 572 at page 356.
It is not a difficult task to conclude from this that the voluntary return for destruction of an agreement is in fact a termination of the obligation arising from the agreement. These two agreements here were clearly returned to the obligor and this act being done voluntarily by Evangeline was sufficient to extinguish the obligations. The obligations were extinguished at the time of the surrender for destruction. For this reason, it is not necessary to dwell upon appellants’ arguments that the written agreement of September 19, 1962, was ambiguous or that the deed of March 30, 1963, failed from lack of consideration.
*902 Appellants also contend that by virtue of Evangeline’s agreement with Bank-head Drilling Company and Marque Drilling Company of July 16, 1962, the subsequent execution of the two letter agreements of July 19, 1962, and August 1, 1962, with the defendant vest Bankhead and Marque with rights which could not be terminated with the subsequent surrender and destruction of the documents. This is all for naught because there was no transfer of ownership of mineral rights to these plaintiffs. Mineral rights are classified as real rights and real rights may only be conveyed in a writing which contains an adequate description of the immovable property affected. LSA-R.S. 9:1105; Kernan v, Baham, 45 La.Ann. 799, 13 So. 155 (1893); Hanby v. Texas Co., 140 La. 189, 72 So. 933 (1916).
None of the instruments in questions gave such a description. As these agreements are drawn, they only indicate a joint venture between the parties in which Bank-head and Marque were to share in any profits which Evangeline might receive in any deal made by Evangeline when using the drilling equipment.
In any event, all of the actions by plaintiff Evangeline are inconsistent with the claim that Bankhead and Marque obtained rights under the agreements. Evangeline voluntarily surrendered the agreements of July 19, 1962, and August 1, 1962, for destruction. On September 19, 1962, its president, Abbey, relinquished his interest in the mineral farm-outs by a written agreement, and on March 30, 1963, the Corporation and Abbey together executed a deed conveying all of their interest in the mineral leases to Lawrence and Thompson and Snodgrass.
For the foregoing reasons, the judgment is affirmed at appellants’ cost
Affirmed.