276 So.2d 347 (1973)
O. L. TAYLOR, Plaintiff-Appellant,
v.
Dennis B. BOCOCK, Defendant-Appellee.
No. 12052.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1973.
Rehearing Denied, May 1, 1973.
Writ Refused June 21, 1973.
Makar & Whitaker, by John B. Whitaker, Natchitoches, for plaintiff-appellant.
Colvin, Hunter & Brown, by D. Scott Brown, Mansfield (Attorneys for Defendant's succession representative, defendant-appellee).
Before AYRES, HEARD and HALL, JJ.
Rehearing En Banc Denied, May 1, 1973.
AYRES, Judge.
This is an action upon an alleged contract for the recovery of a realtor's commission purportedly due on a sale by Dennis B. Bocock to Maxcy G. Howe of a dairy farm of 825 acres of land including improvements thereon, dairy cattle, milk *348 production base, and equipment. Plaintiff's claim is predicated upon a proposition that he brought the parties together and was the procuring cause of the sale of the property.
The defense is that no contract or listing of the property for sale by Bocock with plaintiff existed at the time of the sale of the property. Although conceding that a written contract had been abrogated, plaintiff contends the formal contract was superseded by a verbal agreement containing essentially the same terms and conditions.
Bocock died within three days following the institution and filing of this action; in fact, he died before service of the petition and citation was made upon him. In due time and in the usual course of proceedings, deceased's succession was opened and a succession representative appointed upon whom service of the original and of an amended petition was then made.
After trial, the court concluded from the evidence that plaintiff, in view of the requirements of LSA-R.S. 13:3721 and 3722, had not established the existence of the aforementioned verbal contract by at least one creditable witness other than plaintiff, and other corroborating facts and circumstances. From an adverse judgment, plaintiff appealed and assigns as errors the action of the trial court:
(1) In concluding that the evidence was insufficient to establish that plaintiff brought the seller and the buyer of the property together or that plaintiff was not the procuring cause of the sale of the property;
(2) In holding that it was common knowledge in the community that the vendor's property was for sale; and
(3) In holding that the provisions of LSA-R.S. 13:3721 and 3722 set forth the extent of plaintiff's burden of proof in establishing the existence of a verbal contract for the sale of the property though the action had been brought prior to the owner's decease.
Thus, of primary consideration is the application vel non of the aforesaid so-called "Dead Man's Statute" to the facts of this case so as to place a burden upon and to require plaintiff to establish his claim by at least one creditable witness, other than himself, and other corroborating facts and circumstances. The first of these statutes, so far as pertinent, provides:
"Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
"(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased; * * *" (Emphasis supplied.)
LSA-R.S. 13:3721.
The second of these statutes provides:
"When parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances." (Emphasis supplied.)
LSA-R.S. 13:3722.
To a similar effect, it may be mentioned, are the requirements of LSA-C.C. Art. 2277, which provide:
"All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other *349 corroborating circumstances." (Emphasis supplied.)
Inasmuch as this action was instituted and filed prior to Bocock's death, and thereafter amended and served upon his succession representative within a year of his death, the prohibition of the admission of parol evidence, under LSA-R.S. 13:3721, is without application to prove or establish the debt or liability of the deceased or against his succession representative. It therefore follows, under LSA-R.S. 13:3722, that parol evidence is admissible in this action to establish the debt or liability of the deceased. But, it further and clearly follows, from the language of the statute, that "... the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances."
With respect to contracts for the payment of money, where the amount exceeds $500 in value, the requirements are the same under LSA-C.C. Art. 2277, for, in pertinent part, this section of the statutes provides: "... such contracts or agreements ... must be proved at least by one credible witness, and other corroborating circumstances."
A decisive question is whether plaintiff has established the essentials of his claim by the testimony of a credible witness other than himself and by corroborating circumstances.
In reviewing the evidence it is established that Taylor and Bocock entered into a written contract with reference to Taylor's authority as a realtor to sell the property on behalf of Bocock. This contract, with a term of thirty days, dated June 28, 1970, authorized Taylor to sell the property for a price of $510,000, which included the realtor's commission of $35,000. Taylor, however, testified Bocock agreed to pay the same commission if the sale was made at a lesser price. Thereafter, Taylor contacted Maxcy Howe, the ultimate purchaser of the property, so Taylor testified, and informed Howe that the property was for sale. Taylor and Howe later met at Howe's home and further discussed the property with reference to specific details and requirements for the sale. Finally, Howe stated that if Taylor found a buyer for a restaurant which he, Howe, owned in Shreveport, which would afford him funds for a down payment, they would discuss the Bocock property. After this meeting, Taylor's version of the matter is that he and Howe went to the Bocock property and made an inspection of it. Taylor's further testimony is to the effect that toward the end of the thirty-day contract period, he was called by Howe and Howe told him that he intended to deal directly with Bocock concerning the purchase of the property. This was, however, denied by Howe, who testified that Taylor never put him in contact with Bocock for the purchase of the property nor had Taylor anything to do with the sale.
In the meantime, before the contract expired, Taylor testified to having gone to Bocock in late July, 1970, to seek an extension of their listing contract. They at first agreed, so Taylor testified, that the period of the contract would be extended until September 1, 1970, and that Taylor was to be paid his commission if his efforts were successful. Nevertheless, on that occasion, according to Taylor, his and Bocock's written contract was torn up and thrown into a wastebasket, but Bocock assured Taylor of his commission if he was able to sell the property to anyone Taylor had shown it to. This agreement was said by Taylor to have been entered into in the presence of no one else.
During the existence of both the written and the alleged verbal contracts Taylor, according to his testimony and to that of Frank Gabriel, Jr., of Texas, showed the property to Gabriel who testified he was interested in purchasing the property but learned it had been sold.
At this point it appears appropriate to again point out that plaintiff concedes, *350 and so testified, that the written contract was terminated and supposedly destroyed in accordance with their mutual consent.
The law is clear that the voluntary surrender of a written contract by an obligee is a remission of the obligation, which terminates the agreement. Such a remission is tacit if the creditor voluntarily surrenders to his debtor the original title under private signature which established the obligation. LSA-C.C. Art. 2199. Pursuant to the provisions of LSA-C.C. Art. 2201:
"The release or remission of a debt is presumed always to have been accepted by the debtor, and it can not be revoked by the creditor."
See also Evangeline Drilling Company v. Lawrence, 243 So.2d 898 (La.App., 3d Cir. 1971), where it was held that a voluntary return for destruction of an agreement is in fact a termination of the obligation arising therefrom.
However, as heretofore noted, plaintiff concedes the written contract was terminated, and bases his claim solely on a purported verbal agreement said to have been entered into between him and Bocock at the time the written instrument was destroyed. Inasmuch as there was no one present but plaintiff and Bocock when plaintiff says the verbal agreement was entered into, it follows there is no proof of the making or of the existence of such a contract, nor as to what its terms and conditions may have been other than through plaintiff's testimony. His version of the affair is not corroborated by the testimony of any other credible witness nor do we find, as indeed the trial judge did not find, other corroborating circumstances.
The purpose of the "Dead Man's Statute" is to protect the estates of decedents, their representatives and heirs, against stale and unfounded claims which might have been refuted or disproved by the testimony of the deceased were he living. Succession of Pohlmeyer, 192 So.2d 870 (La.App., 4th Cir. 1966); Collier v. Administrator, Succession of Blevin, 136 So.2d 774 (La.App., 4th Cir. 1962cert. denied); In re Ford's Succession, 91 So.2d 71 (La.App., 1st Cir. 1957cert. denied).
The Supreme Court pointed out in During v. Thibodeaux, 224 La. 814, 70 So.2d 882 (1954), where no one was present except the plaintiff and defendant at the time a verbal contract was entered into, "The contract being in excess of $500, the proof required to establish it and its contents is governed by Article 2277, LSA-C.C., which requires it to be proved by at least one credible witness and other corroborating circumstances."
In Merritt v. Gillentine, 151 So.2d 169, 171 (La.App., 2d Cir. 1963writs denied), an action to recover for services allegedly rendered to the defendant in the planting, cultivating, and harvesting of certain rice crops, subsequent to the institution of which defendant died, the court pointed out:
"Concerning the alleged oral agreement between plaintiff and the deceased, the only testimony in the record is that of the plaintiff, and, as previously set forth, his testimony is far from being consistent as to whether remuneration for the alleged services was ever agreed upon. The law wisely requires that a contract for the payment of money above $500.00 must be proved at least by one credible witness and other corroborating circumstances. LSA-C.C. Art. 2277. There is no such preponderance of proof in favor of the plaintiff. See Steedley v. Winbarg, La.App., 44 So.2d 193; Duos v. Ketteringham, La.App., 33 So.2d 108." (Emphasis supplied.)
See also: B. Stern Company v. Perry, 246 So.2d 246 (La.App., 1st Cir. 1971writs refused); Southern Hide Co. v. Best, 174 La. 748, 141 So. 449 (1932).
The conclusion necessarily follows, from the record in this case, that plaintiff's *351 claim is not established by the testimony of a credible witness, other than plaintiff, and by other corroborating circumstances. Under this proof plaintiff's testimony alone is insufficient to establish a verbal contract or any of its terms for the sale of the property or any obligation of the deceased party arising therein or resulting therefrom.
The judgment rejecting plaintiff's demands is accordingly affirmed at plaintiff-appellant's costs.
Affirmed.
HALL, J., concurs and assigns written reasons.
HALL, Judge (concurring):
I concur in the result reached by the majority opinion on the basis that plaintiff failed to establish "other corroborating circumstances" under Civil Code Article 2277, which article provides the nature of the proof required in this case.
I disagree with the conclusion of the majority opinion that the "dead man's statute", LSA-R.S. 13:3721-3722, is applicable to this case. It is my opinion that the statute is inapplicable in its entirety to an action brought prior to the death of the deceased defendant.
Section 3721 provides that parol evidence shall not be received to prove the debt of a deceased person when no suit has been brought against the deceased prior to his death, unless certain steps are taken within one year after the death of the deceased. Section 3722 then provides that when parol evidence is admissible under Section 3721, the debt must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances. I read Section 3722 to apply only where no suit has been brought prior to the death of the deceased and where one of the four steps enunciated in Section 3721 has been taken within one year after the death of the deceased.
The present "dead man's statute" and its predecessor statutes have served to protect a decedent's estate from stale claims asserted after the decedent's death. The present statute entirely prohibits parol evidence where the claim is judicially asserted more than a year after death and sets a high standard of proof where the claim is judicially asserted within a year after death. My research does not reveal any case where the statute has been applied to claims judicially asserted against a defendant during his lifetime but who died while the litigation was pending.
The only difference in the proof required by R.S. 13:3722 and Civil Code Article 2277 is that under Section 3722 there must be testimony of a creditable witness other than the claimant, whereas under Article 2277 the plaintiff himself may be the "one credible witness".
In the instant case, the plaintiff testified as to the existence of the new contract. The record does not in any way cast any doubt on his credibility. Plaintiff, therefore, met the first requirement of Article 2277. Nevertheless, under the Code article, his testimony must be supported by "other corroborating circumstances". The only evidence tending to corroborate the existence of a new verbal contract between plaintiff and the decedent is the fact that plaintiff showed the property to one prospective purchaser after the termination of the original contract. This one circumstance, in my judgment, is not sufficient to meet the degree of proof of a verbal contract required by Article 2277.
Although the "dead man's statute" does not apply here, I believe it is proper in this instance for the court to require, within the framework of Article 2277, a somewhat higher standard of proof than might be required if the defendant had lived and had the opportunity to offer evidence in his own behalf.
I respectfully concur.