DOUCET, Judge.
Plaintiffs, Marie P. Savoie and her son, Wilson J. Savoie, brought this action against the estate of Dennis Rogers to recover funds allegedly given to the decedent prior to his death for the purpose of filing plaintiffs’ 1977 income tax returns and paying the taxes that were due. They appeal a judgment of the district court dismissing their suit because of their failure to satisfy the requirements of the “deadman’s statute”, LSA-R.S. 13:3721-22.[1]
Plaintiffs testified at the trial that for a number of years prior to his death, they hired the decedent, Dennis Rogers, to prepare and file their income tax returns and submit their payments for the taxes that were due. They further testified that in February of 1978, they gave the decedent a total of $9,730.43, after he had informed them that that was the amount of their tax liabilities for 1977.
In addition to presenting uncontra-dicted evidence of the fact that the decedent neither filed their 1977 tax returns nor submitted payments to the Internal Revenue Service in their behalf, plaintiffs introduced three cash receipts executed by the decedent, which show that he received $9,730.43 from them in February of 1978. These receipts contain no reference to the purpose of the payments, however. Thus, they do not in themselves evidence any obligation on the part of the decedent.
*706 Plaintiffs’ only other corroborating evidence was a file that the decedent had kept in connection with the work that he did for them. The material in the file, which consisted of notes on plaintiffs’ income and expenses and blank income tax forms bearing their signatures, supports plaintiffs’ testimony that the decedent had agreed to prepare their returns. However, nothing in the file substantiates their allegation that the decedent had incurred the obligation to pay their taxes for them.
The trial court concluded that parol evidence was admissible under LSA-R.S. 13:3721 because plaintiffs’ suit had been filed within one year of the death of the decedent. However, the court found that plaintiffs’ testimony, which was the only direct evidence of the decedent’s liability for the payment of their taxes, did not satisfy the requirement of LSA-R.S. 13:3722 that the liability “be proved by the testimony of at least one credible witness other than the claimant and other corroborating circumstances”.
Plaintiffs’ first argument on appeal is that the trial court erred in applying LSA-R.S. 13:3722 because their suit sounds in tort, and that provision is not applicable to tort actions under this court’s decision in Honeycutt v. Indiana Lumbermens Mutual Insurance Company, 130 So.2d 770 (La.App. 3rd Cir. 1961). Plaintiffs contend that their suit is based on the decedent’s tortious conversion of their money, rather than on his breach of the agreement to prepare their returns and pay their taxes.
We find no merit in that argument. Neither the allegations of plaintiffs’ petition nor the evidence that they presented at the trial support their argument that this is an action for the wrongful conversion of their property. We believe that the trial court correctly treated this case as an action for breach of contract, to which the deadman’s statute is applicable.
Alternatively, plaintiffs argue that if LSA-R.S. 13:3722 is applicable, the trial court erred in finding that they had failed to meet its requirements. They contend that because they had two individual claims that were joined in one suit, they should be allowed to serve as each other’s “one credible witness other than the claimant”. We disagree.
The purpose of the deadman’s statute is to protect the assets of a deceased person from stale and unfounded claims that the deceased might have refuted. Landry v. Weber, 345 So.2d 11 (La.1977); Taylor v. Bocock, 276 So.2d 347 (La.App. 2nd Cir. 1973). It attempts to accomplish this purpose in cases where parol evidence is admissible by requiring the testimony of at least one person, who does not share the claimant’s interest in the outcome. Clearly the interests of the plaintiffs in this case are the same. Under the evidence that they presented, their claims are indistinguishable. Thus, neither can supply the kind of objective proof that the statute requires.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiffs-appellants.

AFFIRMED.

. LSA-R.S. 13:3721
“Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
“(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
“(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
“(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
“(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
“The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder.”
LSA-R.S. 13:3722
“When parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances.”