410 So.2d 683 (1981)
Wilson J. SAVOIE, et al.
v.
The ESTATE OF Dennis ROGERS, etc.
No. 81-C-0639.
Supreme Court of Louisiana.
September 8, 1981.
On Rehearing March 1, 1982.
*685 Gerald C. deLaunay, Lafayette, for plaintiffs-applicants.
Donald D. Landry and Carl J. Menard of Perrin & Landry, Lafayette, Allan L. Durand, New Orleans, for defendant-respondent.
WATSON, Justice.
Plaintiffs, Wilson J. and Marie P. Savoie, instituted this suit against the Succession of Dennis Rogers.[1] They claimed $9,730.43 allegedly deposited with the deceased for payment of income taxes, plus $1,203.05 in damages for failure to file their tax returns. The trial court and the Court of Appeal held that plaintiffs could not recover for lack of an additional creditable witness. LSA-R.S. 13:3722 (the dead man's statute). Savoie v. Estate of Rogers, 394 So.2d 704 (La.App. 3 Cir. 1981). A writ was granted to review the judgment. 399 So.2d 597 (La., 1981).
Wilson J. Savoie, a retired painter, lived with his aged mother, Marie P. Savoie, and they apparently co-mingled their business affairs. Rogers conducted a tax and accounting service and had handled the Savoies' tax returns for about five years prior to 1978.
Because of his retirement, Savoie and his mother sold some land during 1977. Savoie consulted Rogers about the tax liability in early 1978. Savoie testified that Rogers advised him a total of $9,730.43 was due the state and federal governments for 1977. On February 1, 1978, Savoie deposited $3,000 and $500 with Rogers, for which he received signed receipts. On February 28, he deposited $6,230.43 with Rogers and received another signed receipt. Rogers allegedly told Savoie early payment was required of those who sold land. Rogers had Savoie and his mother sign blank 1977 tax returns when the money was deposited. The blank tax returns bearing the Savoies' signatures are in the record. Two yellow pad work sheets from Rogers' file folder for the Savoies have the name Wilson Savoie, and a notation "Mother SS # [XXX-XX-XXXX]." This is Marie Savoie's social security number. The figure $9,230.43 appears as a total at one point, a figure exactly $500 short of the amount the Savoies claim to have paid. Although their returns were separate, Rogers apparently did not differentiate between the Savoies as to the taxes said to be due.
A handwriting expert, one Farrell, was engaged jointly by the parties and he testified that the signature on the receipts was that of Dennis Rogers.
A Lafayette lawyer, Roderick L. Miller, testified that he handled a land sale for the Savoies early in 1978 and consulted with Rogers about the terms of the sale at the Savoies' request. Wilson Savoie had complained to Miller about the large amount of taxes he was having to pay for 1977 and wished to minimize the tax consequences of the 1978 sale. Miller reviewed the Savoies' capital gain for 1977 and advised Wilson Savoie their taxes should not be high unless they had a lot of other income. In fact, Wilson and Marie Savoie together owed 1977 taxes of only $352.36.
Rogers died by his own hand on June 14, 1978, without having completed or filed the tax returns on behalf of the Savoies or paying their money to the taxing authorities.
LSA-R.S. 13:3721 permits parol evidence to prove a debt or liability of deceased persons when suit is filed within one year of death. Suit was filed timely.
*686 The circumstances overwhelmingly corroborate plaintiffs. The three receipts signed by the deceased, the income tax forms signed in blank, Rogers' work sheets and Miller's testimony all point to the fact that Rogers received the money in question. However, the succession contends that plaintiffs have failed to produce one creditable witness, as required by LSA-R.S. 13:3722:
"When parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances."
Plaintiffs contend that they may testify on behalf of each other. The question is whether their interest in the lawsuit precludes them from being "creditable" witnesses.
While the interest of a witness may be considered in weighing his testimony, it does not in any case completely disqualify him. LSA-R.S. 13:3665.[2] LSA-C.C. art. 2282 provides:
"The circumstance of the witness being a relation, a party to the cause, interested in the result of the suit, or in the actual service or salary of one of the parties, is not a sufficient cause to consider the witness as incompetent, but may, according to circumstances, diminish the extent of his credibility."
It is not improper to allow Marie Savoie to confirm the claim of Wilson Savoie and for Wilson Savoie to confirm the claim of Marie Savoie; neither has been discredited as a witness for the other. See the article at 21 Loyola Law Review 422.
For the foregoing reasons, the judgment is reversed, and the case is remanded to the Court of Appeal for a determination of the amount due the Savoies.
REVERSED AND REMANDED.
MARCUS, J., dissents and assigns reasons.
DENNIS, J., concurs with reasons.
BLANCHE, J., concurs and assigns reasons.
BLANCHE, Justice (concurring).
I concur in the Court's holding but for different reasons. The majority's opinion is predicated upon an improper analysis of the applicable law. R.S. 13:3722 requires "... the testimony of at least one creditable witness other than the claimant ..." as a prerequisite to the admission of parol evidence under R.S. 13:3721, the Louisiana "Dead Man's Statute". The court of appeal, relying on Landry v. Weber, 345 So.2d 11 (La.1977), correctly pointed out that the purpose of this statute is to protect the assets of a deceased person from stale and unfounded claims that the deceased might have refuted. The majority of this Court have relied upon R.S. 13:3665 and C.C. art. 2282 to conclude what witness will satisfy the requirements of R.S. 13:3722. Both of these statutes deal with the competence of a witness. Reliance on either of them was unnecessary. The language of R.S. 13:3722 is clear and concise. As a result, the majority has negated the statutory requirement of a credible witness "other than the claimant" and weakened the policy behind this statute. Based upon the facts of this case, such judicial maneuvering around express legislation is improper.
Marie and Wilson Savoie are separate claimants and, therefore, each is a credible witness able to give testimony in behalf of the other.
Plaintiffs hired Dennis Rogers to file their tax returns and deposited funds with Rogers to pay these taxes. Separate income tax forms were signed in blank by both Wilson and Marie Savoie. The $9730.43 tendered to Rogers by Wilson Savoie was money to be applied to the separate tax obligations of each plaintiff. Therefore, Dennis Rogers owed separate *687 debts to Marie and Wilson Savoie and each plaintiff is entitled to his share of the $9730.43 placed in Rogers' custody. Though both plaintiffs seek the same object in this suit, each is a separate claimant with a separate cause of action. Their relationship as mother and son is a fact of no importance in the resolution of this controversy. As a result, each plaintiff has satisfied the requirements of R.S. 13:3722 that the witness be one "other than the claimant." To conclude that Wilson and Marie Savoie have become a single claimant because they were prudent enough to join their actions together would unjustifiably penalize them by barring their recovery. To conclude that plaintiffs, if classified as a single claimant, could testify in behalf of each other, ignores the express language of R.S. 13:3722.
MARCUS, Justice (dissenting).
Both Marie P. Savoie and Wilson J. Savoie are claimants for the alleged debt of the deceased. La.R.S. 13:3722 provides that the debt must be proved by at least one credible witness other than the claimant. Hence, I do not consider that plaintiffs can recover for lack of an additional credible witness. Accordingly, I respectfully dissent.

ON REHEARING
DENNIS, Justice.
We granted a rehearing to clarify our interpretation of the dead man's statute. The original opinion of this court could be construed to hold that, where parol evidence is admissible under the dead man's statute, the plaintiff may use the testimony of a co-owner of his claim to prove the deceased's debt or liability. This is incorrect. The statute clearly provides that the creditable witness whose testimony is required to prove the debt must be someone "other than the claimant." La.R.S. 13:3722. This provision implies that the witness whose testimony is necessary for proof of the claim against the deceased cannot be a co-owner of the claim. The purpose of the requirement is to eliminate the possibility of fraud and perjury by witnesses who have a direct pecuniary or proprietary interest in the claim. If the statute were construed to allow the co-owner of a claim to supply a necessary element of proof, the purpose of the requirement would be defeated. Accordingly, we now hold that a person who has a direct pecuniary or proprietary interest in the plaintiff's claim against the deceased person may not serve as his one creditable witness.
Accordingly, neither Mr. Savoie nor his mother may use the testimony of the other to prove a debt or liability owed by the deceased, Mr. Rogers, unless each is asserting a separate and independent claim. However, neither the trial court nor the court of appeal decided if the Savoies' claims were separate. These previous courts were of the opinion that neither Savoie could be a creditable witness for the other's claim if he or she was even indirectly interested in the outcome. We think their interpretation is in error because it sweeps too broadly and would render worthless the testimony of witnesses which is considered competent in all other fields of litigation. As we noted in the original opinion of the court, La.C.C. art. 2282 provides:
The circumstance of the witness being a relation, a party to the cause, interested in the result of the suit, or in the actual service or salary of one of the parties, is not a sufficient cause to consider the witness as incompetent, but may, according to circumstances, diminish the extent of his credibility.
Upon reviewing the evidence, we have concluded that an original determination of the factual question of whether the Savoies are asserting separate claims or a joint one should be made by the trial court. The record does not indicate with any clarity whether Mrs. Savoie has any direct pecuniary or proprietary interest in the $9,730.43 that her son testified he gave to Mr. Rogers for the payment of taxes. The resolution of this question is intertwined with other matters upon which the trial court's decision will have great weight, viz., whether the witnesses are creditable and *688 the corroborating circumstances are adequate. Since none of these issues has been passed upon by the trial court with the benefit of a correct interpretation of the dead man's statute, we conclude that a just, legal and proper judgment in this case requires that it be remanded to the trial court.
Further, in remanding the case, we notice that the precepts governing the obligations of a person acting under a mandate may play a significant role in a correct resolution of this controversy. A mandate is an act by which one person gives power to another to transact for him and in his name, one of several affairs. La.C.C. art. 2985. The Savoies alleged and offered evidence that Mr. Rogers was given the power and the money to pay taxes for them. A power of attorney may be given verbally, but of this testimonial proof is admitted only conformably to the title: Of Conventional Obligations, La.C.C. art. 2992. Section 2, "Of Testimonial Proof," of Title IV "Of Conventional Obligations," La.C.C. art. 2277 provides:
All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.
The Savoies must therefore prove the existence of a mandate and the nature thereof by the testimony of one credible witness and other corroborating circumstances.[1]
Proof of a mandate does not constitute proof of a debt or liability owed by the mandatory, but merely obliges him or his heirs to render an account of his management and to restore to his principal whatever he has received by virtue of his procuration. La.C.C. arts. 3004, 3005, 3034. Therefore, proof that the mandate was given and the nature of the affairs which the mandatory was given power to transact are not governed by the dead man's statute. Upon rendition of an account of the deceased mandatary's management, however, the principal's proof that his mandatary owes him a debt or liability by virtue of the procuration beyond that acknowledged in the accounting must conform to the requisites of the dead man's statute.
In an action against a mandatary or his heirs for an accounting, the burden is on the principal to show that the mandatary received the funds or property and the amount or quality thereof, and thereafter the burden is upon the mandatary or his heirs to establish what disposition was made of the money or property. Bauer v. Albers, 187 La. 496, 175 So. 39 (1937); Rose v. Shaw, 144 La. 571, 80 So. 727 (1918); Laporte v. Laporte, 109 La. 958, 34 So. 38 (1903); Hodson v. Hodson, 292 So.2d 831 (La.App. 2d Cir. 1974).
Accordingly, the judgments of the court of appeal and trial court are vacated and the case is remanded for further proceedings in light of the legal precepts set forth in this opinion.
VACATED; REMANDED.
WATSON, J., adheres to the views expressed in the original opinion but concurs in the result on rehearing.
MARCUS, J., dissents for reasons assigned in my dissent on original hearing.
NOTES
[1] The succession was declared vacant, and Donald Landry was appointed Administrator, and it was against him that the suit was filed.
[2] LSA-R.S. 13:3665 provides:

"The competent witness in any civil proceeding in court or before a person having authority to receive evidence shall be a person of proper understanding."
[1] It has been held that a party to the lawsuit may serve as his own "credible witness" for purposes of La.C.C. art. 2277. Cormier v. Douet, 219 La. 915, 54 So.2d 177 (1951); O'Rourke v. Tracy, 375 So.2d 747 (La.App. 4th Cir. 1979).