LABORDE, Judge.
Lawles J. Bourque, M.D. (Bourque), ap-pellee, filed suit against the estate of Pauline Marie Bonnet Dubois (Dubois), appellant, seeking to recover monies due for alleged medical treatment and services rendered to Mrs. Dubois during the final ten years of her life. The trial judge granted judgment in favor of Dr. Bourque for $6,200 dollars. Finding that the requirements of LSA-R.S. 13:3721 and 3722[1] were not satisfied in this case, we reverse and render judgment in favor of appellant dismissing Dr. Bourque’s claim.
Mrs. Dubois died January 18, 1980. Dr. Bourque filed a suit on June 13, 1980, asking for $24,000 for professional treatment rendered Mrs. Dubois for approximately ten years preceeding her death. He also prayed for a $10,000 attorney’s fee for prosecution and collection of this open account claim.
By answer filed on June 23, 1980, the testamentary executrix denied any indebtedness to Dr. Bourque. On April 2, 1981, the executrix filed an exception of prescription on that portion of the alleged claim for services rendered prior to three years before the filing of the suit. The exception was maintained by the trial judge and he limited the claim to three years preceeding June 13, 1980, the date Dr. Bourque filed his petition. Then, on the sole testimony of Dr. Bourque, the trial judge granted judgment in his favor in the amount of $6,200.
On appeal, appellant claims principally that the trial judge erred in holding the requirements of LSA-R.S. 13:3721 and 3722 do not apply to this case.
We agree with appellant’s contention. The statutes do apply. We recently addressed this issue in Savoie v. Estate of Rogers, 394 So.2d 704 (La.App. 3rd Cir. 1981), reversed on other grounds, 410 So.2d 683 (La.1982), wherein we stated:
“The purpose of the deadman’s statute is to protect the assets of a deceased person from stale and unfounded claims that the deceased might have refuted. Landry v. Weber, 345 So.2d 11 (La.1977); Taylor v. Bocock, 276 So.2d 347 (La.App. 2nd Cir. 1973). It attempts to accomplish this purpose in cases where parol evi *27 dence is admissible by requiring the testimony of at least one person, who does not share the claimant’s interest in the outcome. Clearly the interests of the plaintiffs in this case are the same. Under the evidence that they presented, their claims are indistinguishable. Thus, neither can supply the kind of objective proof that the statute requires.”
Certainly Dr. Bourque did not supply the kind of objective proof required by the statute. After Dubois’ death he submitted bills in the amounts of $6,000, $7,200 and $24,-000. None of the bills was itemized. At trial the only testimony offered was that of Dr. Bourque. Clearly Dr. Bourque did not satisfy the burden of proof required by the statute; i.e., “at least one credible witness other than the claimant, and other corroborating circumstances.” LSA-R.S. 13:3722.
Dr. Bourque, in brief, recognizes that the proof of his claim is lacking and asks us to remand the case to the district court to hear additional corroborating evidence. At oral argument he claimed that he can produce the testimony of a person who attended Mrs. Dubois during her last illness. However, it is unclear and uncertain as to what proof, if any, can be provided. Dr. Bourque admits in deposition and at trial that he kept no records of any type concerning his treatment of Mrs. Dubois.
While we are mindful of LSA-C.C.P. art. 2164 which permits us wide discretion to remand a case where the record is not sufficient to enable us to pronounce definitely on the case or where the parties have failed to produce available evidence which might be material to a proper decision, we decline the invitation because Dr. Bourque had ample opportunity at trial to produce a credible witness and any evidence necessary to prove his case.
In view of the circumstances, a remand would be a vain and useless action; it would not serve the interest of justice; it would instead serve only to work an injustice upon the testamentary executrix by unnecessarily prolonging the administration of Mrs. Dubois’ succession and by entailing additional needless expenses.
Dr. Bourque was afforded an opportunity at trial to produce any legally admissable evidence in support of his claim. He failed to do so. We are doubtful that he could do so now. A remand would serve no useful purpose.
For these reasons, the judgment of the district court is reversed and it is now ordered, adjudged and decreed that plaintiff’s suit be dismissed at his cost.
REVERSED AND RENDERED.

. LSA-R.S. 13:3721
“Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
“(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
“(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
“(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
“(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
“The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder.”
LSA-R.S. 13:3722
“When parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances.”