DOUCET, Judge.
Plaintiffs, Marie Savoie and her son, Wilson J. Savoie, brought this action against the Estate of Dennis Rogers to recover funds allegedly given to the decedent prior to his death for the purpose of paying 1977 taxes due. In addition, plaintiffs sought damages resulting from the failure of the accountant to timely file their returns. At the first trial, the trial judge dismissed plaintiffs’ suit for failure to provide testimony of at least one credible witness as required by the dead man’s statute. LSA-R.S. 13:3722. This court affirmed 394 So.2d 704 (La.App. 3rd Cir.1982). On appeal, the Supreme Court, on rehearing, held that a person who has a direct pecuniary or proprietary interest in the plaintiff’s claim may not serve as the one creditable witness for the purpose of the dead man’s statute. In Savoie v. Estate of Rogers, 410 So.2d 683 (La.1982) at 687 the court stated:
“... The original opinion of this court could be construed to hold that, where parol evidence is admissible under the dead man’s statute, the plaintiff may use the testimony of a co-owner of his claim to prove the deceased’s debt or liability. This is incorrect. The statute clearly provides that the creditable witness whose testimony is required to prove the debt must be someone “other than the claimant.” La.R.S. 13:3722. This provision implies that the witness whose testimony is necessary for proof of the claim against the deceased cannot be a co-owner of the claim. The purpose of the requirement is to eliminate the possibility of fraud and perjury by witnesses who have a direct pecuniary or proprietary interest in the claim. If the statute were construed to allow the co-owner of a claim to supply a necessary element of proof, the purpose of the requirement would be defeated. Accordingly, we now hold that a person who has a direct pecuniary or proprietary interest in the plaintiff’s claim against the deceased person may not serve as his one creditable witness.
*1325 Accordingly, neither Mr. Savoie nor his mother may use the testimony of the other to prove a debt or liability owed by the deceased, Mr. Rogers, unless each is asserting a separate and independent claim. However, neither the trial court nor the court of appeal decided if the Savoies’ claims were separate. These previous courts were of the opinion that neither Savoie could be a creditable witness for the other’s claim if he or she was even indirectly interested in the outcome. We think their interpretation is in error because it sweeps too broadly and would render worthless the testimony of witnesses which is considered competent in all other fields of litigation. As we noted in the original opinion of the court, La.C.C. art. 2282 provides:
The circumstance of the witness being a relation, a party to the cause, interested in the result of the suit, or in the actual service or salary of one of the parties, is not a sufficient cause to consider the witness as incompetent, but may, according to circumstances, diminish the extent of his credibility.”
The Supreme Court remanded for a determination of the status of each plaintiffs claim.
On remand, the trial court ruled that Marie Savoie[1] and Wilson Savoie possessed separate and distinct claims and therefore they could serve as each other’s creditable witness under the “Dead Man’s Statute”. The trial court found that a mandate existed by which the estate owed an accounting for funds deposited with the decedent. From that judgment, the estate has appealed[2] alleging the trial court erred in the following respect: (1) Finding each plaintiff was a separate claimant inasmuch as the funds allegedly advanced to Rogers were derived from sale of real property of which plaintiffs were co-owners; (2) Finding a mandate existed; and (3) Finding the decedent was to have paid the claimants’ taxes with the money deposited.
The trial judge assigned the following reasons for judgment, which we adopt as our own:
“This Court was originally confronted by what is referred to as the Dead Man Statute. The Dead Man Statute essentially provides that a witness whose testimony is required to prove a claim against a deceased person cannot be a co-owner of such claim. Such a co-owner of a claim would be pursuing the identical relief of the other owner from the deceased, which right encourages fraud and perjury.
Thus, where an individual is seeking relief from the Courts against a deceased individual, the law requires that his testimony be supported by the testimony of an individual who is not a co-owner of plaintiff’s claim.
When this Court initially heard the case, it was not clear whether or not Wilson Savoie and Marie Savoie were co-owners of one single claim. Upon the remand for rehearing, the evidence shows that Wilson Savoie owns an undivided fifty (50%) percent and Marie Savoie owned an undivided fifty (50%) percent of certain immovable property. Each had their own separate interest in said property, which was separate and distinct. The property was sold and as a result of that sale certain funds were generated. Each could have at that point deposited the funds in separate checking accounts; each could have employed a different tax consultant to prepare their income tax returns; each could have made separate and distinct agreements with such tax consultants as to the fee he would charge; each could have handled payment in the manner he or she elected to that tax consultant; each, depending on the total circumstance of their finances, could reasonably expect to pay a different amount *1326 of taxes to the State and Federal Government.
The fact that these parties elected to eo-mingle their funds in one checking account, the fact that they used the same tax consultant that they had used for years, the fact that Mr. Rogers was paid a certain amount which he was to divide and pay the Federal Government for the tax liability of Marie Savoie and Wilson Savoie, does not in this Court’s judgment vitiate the fact that Marie Savoie has a cause of action against the Estate of Dennis Rogers separate and distinct from the cause of action which Wilson Savoie has against the Estate of Dennis Rogers, which could be adjudicated separately and was apparently joined for purposes of judicial economy. Counsel for the Estate of Dennis Rogers argues that procedurally one is an indispensable party to the other cause of action. This Court finds that each claim could be tried separately, and that an adjudication could be made of each without the necessity of trying them both together, that is to say, each claim stands separate and distinct on its own merits from the other. While procedural rules may require that these two (2) claims be tried together, it is fundamental that procedural rules cannot operate to deny substantive rights of individuals. The claim of Wilson Savoie could have been tried and completely adjudicated without the necessity of trying Marie Savoie’s claim. Marie Savoie sought to recover from Roger’s Estate the money she gave to the deceased, Mr. Rogers, to pay her income tax liability. That was the debt that Marie Savoie herself owed. It was not a debt shared by her son, Wilson Savoie. And likewise, Wilson Savoie gave certain money to the deceased, Mr. Rogers, to pay his Income Tax debt liability. That was the debt that Wilson Savoie owed, and a debt that was not shared by his mother. The fact that Wilson Savoie acted as the courier to deliver the totality of the money on behalf of himself and his mother does not erase the fact that some of the money was his and some was his mother’s of which each had no mutual right to enjoy the whole.
The Louisiana Supreme Court referred this Court to La.C.C. Article 2282, which provides:
“The circumstance of the witness being a relation, a party to the cause, interested in the result of the suit, or in the actual service or salary of one of the parties, is not a sufficient cause to consider the witness as incompetent, but may, according to circumstances, diminish the extent of his credibility.”
While both Marie Savoie and Wilson Sa-voie fit every circumstance outlined in Article 2282, the fact remains that they are each asserting a separate and distinct claim, and according to Article 2282, are not barred from serving as a competent witness each for the claim of the other.
In support of its finding that Marie Sa-voie and Wilson Savoie had each a separate and distinct claim, the Court relied on the documents introduced into evidence at the second trial, as well as the testimony of Mr. Wilson Savoie.
Insofar as the question of mandate, the Court further finds that almost ten thousand $10,000.00 dollars was given to Mr. Rogers for the purpose of payment of the tax liabilities of both Marie and Wilson Savoie, and therefore, clearly, Mr. Rogers was obligated to meet his duties as mandatory. The estate of Mr. Rogers did not respond with an accounting, nor was there any evidence introduced to indicate that the funds which were given were given for any reason other than that testified to by the Savoies.
Initially, the plaintiffs were barred from recovery only because this Court, from the evidence received initially indicated that the Savoies were co-owners of one single claim. Subsequent to recent rehearing on that score, this Court is satisfied that there are two (2) separate and distinct claims, and as such, the Savoies are not barred from recovery because each can stand as a competent witness for the other in the assertion of their respective claims. The Court therefore finds in favor of Wilson and Marie Savoie as follows: For Marie Savoie, in *1327 the amount of five thousand four hundred ninety-three dollars and sixty-nine ($5,493.69) cents. For Wilson Savoie, in the amount of five thousand four hundred thirty-nine dollars and seventy-eight ($5,439.78) cents, together with interest from date of judicial demand.”
A reasonable factual basis exists for the trial judge’s conclusion that the claims of Marie and Wilson Savoie are separate and distinct and, therefore, each was a creditable witness able to testify on behalf of the other. See: 21 LOY.L.REV. 422. Although the object of their suit was the same, each had an independent claim and cause of action. Accordingly, the finding by the trial court that the plaintiffs sustained their burden of proof, vis-a-vis the dead man’s statute, was correct. Savoie v. Estate of Rogers, 410 So.2d 683 (La.1982).
With regard to the issue of mandate we note that a mandate is an act by which one person gives power to another to transact for him and in his name, one of several affairs. La.C.C. Art. 2985. Acceptance of a mandate may be either express or implied. La.C.C. Art. 2989. The Savoies offered evidence that Mr. Rogers was given the power and the money to pay taxes for them. A power of attorney may be given verbally, but of this testimonial proof is admitted only conformably to the title: Of Conventional Obligations, La.C.C. Art. 2992. Section 2, “Of Testimonial Proof,” of Title IV “Of Conventional Obligations,” La.C.C. Art. 2277 provides:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
A party to the lawsuit may serve as his own “credible witness” for purposes of La.C.C. Art. 2277. Cormier v. Douet, 219 La. 915, 54 So.2d 177 (1951); O’Rourke v. Tracy, 375 So.2d 747 (La.App. 4th Cir.1979). The trial judge considered Wilson and Marie to be credible witnesses to their respective claims.
The trial judge found that mandate existed and was accepted, Rogers received the funds, and that an accounting was due as a result of the mandatory’s failure to pay the principals’ taxes. We have carefully reviewed the record in this respect and find no manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.

. Pending the present appeal Marie Savoie died and Wilson Savoie was substituted as party plaintiff in her stead.

. In response to the appeal, plaintiffs filed a Motion to Dismiss on the basis the suspensive appeal bond was untimely filed. This court converted the suspensive appeal into a devolu-tive appeal. Savoie v. Estate of Rogers, 433 So.2d 1140 (La.App. 3rd Cir.1983).