STOKER, Judge.
Mr. and Mrs. Walter Hebert brought suit in City Court to recover sums allegedly due to them by the estate of Wilfred Savoie. The Heberts claimed that they had loaned Mr. Savoie $200 before his death, and that Mrs. Hebert had done cleaning and yard work for Mr. Savoie for 36 weeks without compensation. The Heberts’ total claim was $920.
The trial judge concluded that while he believed the Heberts were “eminently credible,” they had not produced an additional credible witness, as required by LSA-R.S. 13:3722 in proving the debt of a deceased individual.
The Heberts appeal. They argue that each qualified as a witness for the other, and that the testimony of the administra-trix of Mr. Savoie’s estate corroborated their claim.
Under LSA-R.S. 13:3722, the debt or liability of the deceased must be proved by the testimony of at least one credible witness other than the claimant. Only three witnesses testified at trial: Mr. and Mrs. Hebert, and Janell Murphy, the ad-ministratrix of Savoie’s estate. Ms. Murphy had no personal knowledge of the $200 loan, and while she knew Mrs. Hebert had done some cleaning and yard work for Mr. Savoie, she did not know how often. Her testimony was insufficient to prove the debt.
In Savoie v. Estate of Rogers, 410 So.2d 683 (La.1982), the Supreme Court stated:
“we now hold that a person who has a direct pecuniary or proprietary interest in the plaintiffs claim against the deceased person may not serve as his one credible witness.” Savoie, 410 So.2d at 687.
On remand, the Third Circuit found that a mother and her son were asserting separate and distinct claims, and therefore they could serve as witnesses for each other. Savoie v. Estate of Rogers, 442 So.2d 1323 (La.App. 3d Cir.1983), writ denied, 445 So.2d 1227 (La.1984).
The Heberts assert only one claim. The loan came from a joint checking account, and is presumed to be community property. LSA-C.C. art. 2340. Likewise, Mrs. He *644 bert’s wages were community property. LSA-C.C. art. 2338. As the trial judge stated, theirs was a community claim, and the spouses were co-owners. LSA-C.C. art. 2336.
The purpose of the requirement of a non-claimant witness is to eliminate the possibility of fraud or perjury by witnesses who have a direct pecuniary or proprietary interest in the claim. Savoie, 410 So.2d at 687. We believe that this purpose would be defeated if a spouse were accepted as the necessary additional witness where a community claim was at issue.
The Heberts state in their brief that they had another witness who failed to appear at trial in spite of his promise to do so. A subpoena was issued for this person the morning of the trial, but he was not served. The plaintiffs did not move for a continuance. The Heberts’ allegations provide us with no basis for altering the trial court’s judgment.
Accordingly, we affirm the judgment of the trial court dismissing the Heberts’ suit. Costs of this appeal are to be paid by the appellants.
AFFIRMED.