WILLIAMS, Judge.
This is an appeal by plaintiff Rhoda Faust from a decision of the trial court finding that she had not entered into an oral contract with Thelma Toole for the publication of a manuscript to which Toole owned the copyright.
Thelma Toole was the mother of Pulitzer Prize-winning author John Kennedy Toole. Through Mrs. Toole’s untiring efforts, her deceased son’s only published novel, A Confederacy of Dunces, came to the attention of author Walker Percy. Through Percy, Faust and Mrs. Toole became acquainted. Faust was owner of a bookshop and planned to become a publisher. She was interested in publishing A Confederacy of Dunces but could not obtain sufficient financial support at that time to go through with her plans. She was later able to form a publication company. Louisiana State University Press eventually published the novel. Faust contends that in July, 1979, Mrs. Toole orally agreed to allow her new company to publish a novel written by John Kennedy Toole when he was sixteen years old: Neon Bible. Subsequently, the relationship between Faust and Mrs. Toole apparently deteriorated, and Mrs. Toole eventually demanded the return of the manuscript of Neon Bible which she had loaned to Faust. Faust filed suit in August, 1984 against Mrs. Toole seeking specific performance of the alleged oral contract or, alternatively, $250,000.00 in damages. Mrs. Toole was never served with the petition; she died seven days after it was filed. In her will, Mrs. Toole requested that Neon Bible never be published. Faust amended her suit to substitute John Geiser, the executor of Mrs. Toole’s succession, and Kenneth Holditch, legatee of Mrs. Toole’s interest in the manuscript of Neon Bible, as defendants. Defendants filed a reconventional demand seeking the return of the manuscript of Neon Bible. A trial was held on the merits, and the judge dismissed both Faust’s suit and the reconven-tional demand. It is from this ruling that plaintiff appeals.
At issue is what form of evidence is necessary to prove the existence of the alleged contract. La.R.S. 13:3721 et seq. is referred to as the deadman’s statute. La. R.S. 13:3721 states in part:
Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased[.]
La.R.S. 13:3722 further provides:
When parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances.
Under ordinary circumstances an oral contract wit*1 a value of over $500 can be proved by only one witness (who may be an interested party) and other corroborating circumstances. La.C.Civ.C. art. 2277 (now LSA C.C. art. 1846, effective January 1, 1985).
Plaintiff argues that this court should not apply the burden of proof contained in La R.S. 13:3721 because Mrs. Toole did not die until after suit was filed. We note that *1136 Service was never made on Mrs. Toole. In Taylor v. Bocock, 276 So.2d 347 (La.App. 2d Cir.) writ denied 279 So.2d 205 (La.1973), a petition was filed before the originally-named defendant died but was never served. The court held that the deadman statute was applicable. The trial court, in its reasons for judgment, apparently applied the less stringent standard of Article 2277. Furthermore, the lower court concluded, as we do also, that Faust failed to carry her burden of proof under either standard. Obviously the trial court concluded that the testimony of plaintiff Faust and her former associate and author Chris Wiltz Pecot were insufficient to sustain the burden of proving that the parties intended to enter into an oral contract. The trial court’s determination of witnesses’ credibility should not be overturned in the absence of manifest error Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Furthermore, the trial court found the corroborating evidence presented by Faust at trial to be unconvincing. We cannot find that this was in error. The trial judge noted several circumstances that he found weighed against plaintiff: (1) plaintiff’s own doubt about the enforceability of the contract; (2) no publishing company existed at the time of the alleged confection of the contract; and (3) a prospectus issued by plaintiff for her proposed publishing company listed Neon Bible simply as being under consideration (other works were listed as definitely to be published). The trial court placed greatest significance on the failure of the parties to reduce such a complicated understanding to writing: “I simply cannot believe that Mrs. Toole intended to be bound by such casual discussions as described by plaintiff’s case.” [Reasons for Judgment at 2],
Plaintiff also introduced newspaper articles and press releases which she claimed corroborated the existence of an oral contract between her and Mrs. Toole. The trial court found that these did not necessarily substantiate plaintiff’s position. Un-controverted evidence presented at trial showed that it was standard industry practice to have written publishing contracts. The trial court’s determination that it was unreasonable for a publishing contract such as the one plaintiff claims she entered into not to be reduced to writing is not an abuse of discretion in light of the circumstances of this case.
We must reject plaintiff’s argument that the value of the contract is less than $500, which requires an even lower burden of proof. There is no evidence in the record to indicate that the publishing contract would be worth less than $500. Although one letter to plaintiff indicated that the book would have a limited appeal, nothing else in the record supports plaintiff’s argument.
Plaintiff also claims that the trial court was in error in allowing the introduction of several letters written to her by Francis Mooney, Mrs. Toole’s attorney, on the ground that the letters were hearsay. Mr. Mooney did not appear at trial, and in brief, defendant states that he also is deceased. These letters are relative to Mrs. Toole’s demand for the return of the manuscript and her denial of the existence of the contract. Assuming arguendo that the letters were hearsay, we do not feel that their introduction contributed to the decision and that in their absence the trial court would have ruled in plaintiff's favor.
For the foregoing reasons, the decision of the trial court is affirmed. All costs are to be borne by appellant.
AFFIRMED.