REMY CHIASSON, Judge Pro Tem.
This is an appeal from the district court’s denial of an executor’s claim as a succession creditor.
Emile A. Flach died on December 13, 1980, naming in his will Emile F. Fuhrmann as his executor. Mr. Flach’s succession was opened on April 3, 1981 and was administered by Fuhrmann, who during the course of the administration paid certain debts and charges of the succession.
On November 12, 1981, Mr. Fuhrmann and his wife filed a petition for notice of filing of tableau of distribution, alleging that they were creditors of the succession. Said tableau of distribution was filed by the attorney for the succession on March 23, 1982, and following the recapitulation contained the following statement:
“IV. This succession has been advised of various unliquidated claims by Mr. and Mrs. Emile F. Fuhrmann, the total, estimated in the sum of $10,000.00, which may be presented by way of an opposition to this account; accordingly, the net amount available for distribution to the heirs and the inheritance tax computation cannot be determined with accuracy until a final decision is made by the court.”
Mr. and Mrs. Fuhrmann subsequently filed their opposition to the tableau of distribution on March 31,1982 claiming a total sum of $10,129.37, which they claimed could be broken down as follows:
“1. Loans of money, beginning 6/11/80 through 12/9/80 as indicated on the attached schedule 1, said sums totaling $9,100.00; that said sums are evidenced by checks payable to the order of Emile Flach and deposited to his account and further said sum is also comprised of $75.00 in checks made payable to ‘cash’ and inscribed with the memo to Flash, (sic) loan which were used for petty cash and also indicated by the attached schedule 2; and further as indicated on schedule 3 the sum of $234.38 for rental of hospital bed and pads from Abbel Rents and Sells. And miscellaneous cash expenditures relating to the purchase of medicine and other expenses of last illness, totaling $95.10 as indicated on schedule 4 and finally schedule 5 which is the costs of an appraisal on the Flach residence in order that a proper sale price can be arrived for the property located at 2534 Sage Street."
The matter came to trial on the opposition on November 15, 1982, at which time the trial judge denied the Fuhrmanns’ claims, with the exception, as stipulated by counsel, of the costs of appraisal of the Flach residence ($50.00) and certain funeral related expenses ($574.89). The judgment in effect denied the Fuhrmanns’ claim of $9500.00 against the estate which they alleged they had loaned the decedent for the expenses of his last illness.
Mr. and Mrs. Fuhrmann appeal that portion of their claim which was denied and contend, primarily, that the trial court erred in disallowing the testimony of Emile Fuhrmann to establish the .indebtedness *381 claimed. We find no such error, and affirm the trial court judgment for the following reasons.
The controlling law in this case is La.R.S. 13:3721, which provides:
Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
The provision of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder.
The record clearly shows that the Fuhrmanns neither brought suit against the estate to enforce the alleged debt nor filed an opposition to the tableau of distribution within the one-year period set forth in the statute. Further, the debt was not acknowledged by the succession representative (here, presumably the attorney for the succession, since Mr. Fuhrmann as executor can hardly acknowledge his own claim), as required by La.C.C.P. Art. 3242.[1] Nor does the record contain any evidence that the claimant submitted to the succession representative any formal proof of his claim.[2]
Because plaintiff failed to comply with any of the requirements of R.S. 13:3721, the trial court correctly ruled that parol evidence was inadmissible to prove the Fuhrm-anns’ claims. Therefore, Mr. Fuhrmann’s testimony was properly .excluded.
Moreover, even if we were to find that the trial judge erred in disallowing parol evidence, R.S. 13:3722 states that when pa-rol evidence is admissible under § 3721, the debt of the decedent “must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances.” Both the statute itself and the jurisprudence which interpret it clearly state that the “creditable witness” whose testimony is used to prove the existence of the debt must be someone other than the claimant, so as to eliminate the possibility of fraud or perjury *382 by witnesses who have a direct pecuniary or proprietary interest in the claim. Savoie v. Estate of Rogers, 410 So.2d 683 (La.1981).
In the instant case, the only testimony offered was that of Emile Fuhrmann, the claimant himself. The only corroborating evidence was the series of checks tendered by plaintiff, which show only that claimant wrote a number of checks to Emile Flach and which had the notation “loan” on the bottom. This is insufficient to prove the indebtedness of the decedent to Fuhrm-ann. The First Circuit dealt with a similar situation in Succession of Otts, 400 So.2d 1175 (La.App. 1st Cir.1981). In that case the decedent’s sister filed a claim against the succession more than one year after the decedent’s death. At trial she attempted to introduce both her oral testimony as to her claims against the succession and documentary evidence showing that she wrote checks for $3000.00 and $60.00, ostensibly used by the decedent to purchase a car and as a deposit for an oxygen tank used during his last illness. After holding plaintiff’s oral testimony inadmissible, the appellate court addressed the issue of documentary evidence:
“We must still determine, however, whether the documentary evidence submitted in the record substantiates the claims made by Mrs. Campbell. We find that it does not. The documentary evidence shows only that she wrote a $3,000.00 check to her brother which ostensibly was used in the purchase of a car. Whether this was a loan, a gift, or other disposition is simply unknown. No written promise to pay or other acknowl-edgement of the debt by the deceased was introduced into the record, presumably because such evidence was not available. See Succession of Dean, 375 So.2d 162 (La.App. 2nd Cir.1979), writ refused 376 So.2d 1272 (La.1979).” 400 So.2d at 1178. (Emphasis added).
In the instant case, there is no evidence of a written promise to pay or other ac-knowledgement of the debt by the deceased. Despite the notation “loan” on some of the checks in question, we do not believe the documentary evidence by itself is sufficient to prove the existence of a valid claim.
We find the trial court was correct in its application of the law to the facts of the case. Accordingly, we affirm.
AFFIRMED.

. Article 3242 provides that the succession representative must in writing either acknowledge or reject a claim submitted against the succession within 30 days of its submission, and that failure to either acknowledge or reject a claim within that time operates as a rejection of the claim.

. La.C.C.P. Art. 3245 sets forth the proper way in which formal proof is to be submitted:
“A creditor may suspend the running of prescription against his claim by delivering personally or by certified or registered mail to the succession representative a formal written proof of the claim, sworn to by the claimant, setting forth:
(1) The name and address of the creditor;
(2) The amount of the claim, and a short statement of facts on which it is based; and (3)If the claim is secured, a description of the security and of any property affected thereby.
If the claim is based on a written instrument, a copy thereof with all endorsements must be attached to the proof of the claim. The original instrument must be exhibited to the succession representative on demand, unless it is lost or destroyed, in which case its loss or destruction must be stated in the claim. The submission of this formal proof of claim, even though it be rejected subsequently by the succession representative, shall suspend the running of prescription against the claim as long as the succession is under administration.”