ROSEMARY LEDET, Judge.
| ¶ This is a succession proceeding. The appellant, the Estate of Quiana Jones through its administrator Derrick Jones, Sr.[1], seeks review of the trial court’s judgment granting the motion for summary judgment filed by Robert Lucien, Sr. For the reasons that follow, we deny the motion to dismiss the appeal filed by Mr. Lucien and reverse the trial court’s judg *625 ment granting Mr. Lueien’s motion for summary judgment.
FACTUAL AND PROCEDURAL BACKGROUND
On March 10, 2010, a vehicle driven by a Harrah’s New Orleans employee struck Quiana Jones, Mr. Jones’ wife. Mrs.. Jones died later that day. Following her death, three suits were instituted: (i) the Tort Suit — Mr. Jones, individually and on. behalf of their three minor children, filed a petition for damages against Harrah’s on March 9, 2011; (ii) the Succession Proceeding — Mr. Jones filed a petition for appointment as administrator on October 18, 2011; and (iii) the Tutorship 12Proceeding — Mr. Jones filed a petition for confirmation as natural tutor and for appointment of undertutrix on July 31, 2012.[2]
On October 23, 2013, Mr. Lucien, pro se and as agent for various legal entities,[3] filed a claim in the Succession Proceeding for a debt owed by the Estate of Quiana Jones and rule to show cause why the debt should not immediately be paid by Quiana Jones’ estate administrator, and an order to prevent the disposal of money and assets from the estate. On November 22, 2013, Mr. Lucien filed an ex parte motion to enroll pro se in the Succession Proceeding to protect his individual interest in the claim against the Estate of Quiana Jones. On the same day, the trial court granted Mr. Lucien’s motion to enroll pro se. On Déeember 12, 2013, Mr. Lucien filed a motion for summary judgment with a rule to show cause in the Succession Proceeding. Attached to the motion, Mr. Lucien included a statement of the following undisputed facts:
1. Quiana Jones is indebted to claimant/s for the sum of $200,000.00.
2. Derrick Jones, Sr. has personal knowledge of the debt of his deceased wife Quiana Jones to Robert L. Lucien, Sr. and ROBA, INC. et al.
3. Derrick Jones, Sr. signed an Acknowledgment of the Debt claimed by Mover in this case before two independent witnesses and a notary public on January 7, 2011.[4]
[¾4. The decedent (Quiana Jones), unlawfully expropriated, committed theft and fraud to steal $200,000.00 from Claimant for benefit of herself and her family.
5. The New Orleans Police Department determined in 2010 that they had probable cause and evidence to support their investigation of the matter for theft and fraud.
6. Derrick Jones, Sr. and his family were recipients of the money obtained unlawfully due to the fraud and theft of Quiana Jones from Claimant.
7. Claimant has evidence to prove that decedent paid her Lexus SUV note, *626 made checks to her sister and brother in law and paid other obligations from Claimant/s money unlawfully. Decedent also used checks to pay for bills for Derrick Jones, Sr.
On January 23, 2014, a hearing was held on Mr. Lucien’s motion for summary judgment. Although Mr. Jones’ counsel opposed the motion for summary judgment at the hearing, his counsel failed to file a formal opposition to the motion. During the hearing, Mr. Lucien’s counsel incorrectly informed the trial court that Mr. Jones’ acknowledgment of the debt was in the Succession Proceeding record. At the conclusion of the hearing, the trial court granted Mr. Lucien’s motion for summary judgment. On February 3, 2014, the trial court rendered judgment granting Mr. Lucien’s motion for summary judgment and ordered the administrator of the Estate of Quiana Jones to pay Mr. Lucien $200,000.00.[5] The trial court also awarded attorney fees in the amount of twenty-pve4 percent of the debt amount, together with judicial interest from date of judicial demand and all court costs for the litigation of this claim. This appeal followed. Before discussing the merits of the appeal, we must first address Mr. Lueien’s motion to dismiss the appeal.

Motion to Dismiss the Appeal

Mr. Lucien’s motion to dismiss enumerates eleven reasons why he contends the appeal should be dismissed.[6] In summary, Mr. Lucien contends that the appeal | fishould be dismissed because Mr. Jones did not contest the motion for summary judgment, Mr. Jones acknowledged the *627 debt, and there are no genuine issues of material fact.
Mr. Jones, as the legal representative of his wife’s estate, has the right to appeal an appealable judgment by the trial court in the Succession Proceeding. See La. C.C.P. art. 2084.[7] Appealable judgments include final judgments, such as in the instant case where the trial court granted a motion for summary judgment. See La. C.C.P. arts. 2083(A) and 968.[8] However, there are several limitations to one’s right, to appeal that would warrant a dismissal of the appeal.
One limit is set forth in La. C.C.P. art. 2085, which provides that “[a]n appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him.” While Mr. Lucien contends that Mr. Jones acquiesced in the | judgment by failing to file a formal opposition, Mr. Jones’ counsel contested the motion at the hearing. Further, while Mr. Lucien contends that Mr. Jones acquiesced in the judgment by signing an acknowledgment, Mr. Jones contends that the acknowledgment was never filed into the trial court record. Accordingly, we find Mr. Lucien’s contention that this appeal should be dismissed based on the grounds that Mr. Jones acquiesced in the judgment unpersuasive.
There are also certain irregularities or errors that mandate a dismissal of an appeal under La. C.C.P. art. 2161.[9] While' Mr. Lucien failed to allege any such irregularities, even if he had, he failed to timely file his motion to dismiss the appeal for an irregularity as required under La. C.C.P. art. 2161.[10]
Appeals may also be dismissed by consent of the parties, lack of jurisdiction, or abandonment under La. C.C.P. art. 2162.[11] *628 Mr. Luden, however, failed to allege any of these grounds in his motion to dismiss the appeal. The grounds enumerated | 7in Mr. Lucien’s motion to dismiss, in essence, are arguments in opposition to Mr. Jones’ appeal. Accordingly, we deny Mr. Lucien’s motion to dismiss the appeal.
STANDARD OF REVIEW
This court recently noted that “[t]he standard of review of a trial court’s ruling granting a motion for summary judgment, pursuant to La. C.C.P. arts. 966 and 967, and the jurisprudence, is well-settled.” Chapital v. Harry Kelleher & Co., 13-1606, p. 5 (La.App. 4 Cir. 6/4/14), 144 So.3d 75, 81. This court summarized the standard of review as follows:
Appellate courts review the grant or denial of a motion for summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiffs [sic] cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Summary judgments are favored, and the summary judgment procedure shall be construed to accomplish these ends. The code provides that where [as in the instant case] the party moving for summary judgment will not bear the burden of proof at trial, their burden does not require them to negate all essential elements of the adverse party’s claim, but rather to point out to the court that an absence of factual support exists for one or more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial, no |sgenuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. The adverse party cannot rest on the mere allegations or denials of his pleadings when a motion for summary judgment is made and supported by affidavits, but is required to present evidence establishing that material facts are still at issue.
Chapital, 13-1606 at pp. 5-6, 144 So.3d at 81-82 (quoting Mandina, Inc. v. O’Brien, 13-0085, p. 5 (La.App. 4 Cir. 7/31/13), 156 *629 So.3d 99, 104, 2013 WL 3945030 (collecting cases)).
DISCUSSION
On appeal, Mr. Jones asserts the following five assignments of error: 1) the trial coui’t erred in ruling on summary judgment prior to ruling on outstanding exceptions; 2) the trial court erred in allowing Mr. Lucien to proceed individually when the claim filed only lists Mr. Lucien as an agent; 3) the trial court erred by using summary rather than ordinary proceeding; 4) the trial court erred in ruling that there are no genuine issues of material fact; and 5) the trial court erred in granting summary judgment in favor of a non-party. Because we find Mr. Jones’ fourth assignment of error dispositive, we do not reach his remaining assignments of error.
Mr. Jones contends that the trial court erred in granting the motion for summary judgment because there are genuine issues of material fact. He contends that the affidavit of the administrator confessing judgment is not in the record. He thus contends that the record neither contains evidence of an indebtedness of the succession to the claimants, nor evidence of the sum owed to each claimant individually or collectively.
Mr. Lucien concedes that the acknowledgment was not filed in the Succession Proceeding record; however, he contends that the trial court had Insufficient evidence to rule on the motion for summary judgment. He contends that he was allowed to use parol evidence to prove Mrs. Jones’ indebtedness to him under La. R.S. 13:3721.[12] He thus contends that the parol evidence he introduced, his affidavit and other documents, was sufficient to prove the debt. Further, he contends that by failing to file anything into the record of the Succession Proceeding opposing the motion for summary judgment, Mr. Jones failed to carry his burden of demonstrating a genuine issue of material fact.
Even in the absence of a formal opposition to a motion for summary judgment, the moving party must show that he is entitled to summary judgment. Baker v. Ingram, 447 So.2d 101, 102 (La.App. 4th Cir.1984).[13] If the movant fails in his burden of proving that he is entitled to summary judgment as a matter of law, |inthe burden never shifts to the adverse party, and the movant is not entitled to summary *630 judgment. Id.; Sanders v. Hercules Sheet Metal, Inc., 885 So.2d 772, 775 (La.1980). Thus, despite Mr. Jones’ failure to file a formal opposition to the motion for summary judgment, Mr. Lucien was required to prove that he was entitled to summary judgment.
Mr. Lucien failed to prove that no genuine issue of material fact existed, and that he was entitled to a judgment as a matter of law for $200,000.00. Even assuming, arguendo, that Mr. Lucien was allowed to use parol evidence to prove the debt,[14] La. R.S. 13:3722 provides that “[w]hen parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances.” See Succession of Flach, 437 So.2d 379 (La.App. 4th Cir.1983).
In Succession of Flach, the only testimony offered to prove the alleged debt of the estate was that of the creditor himself. Id. at 382. The only corroborating evidence offered was a series of checks written to the decedent and tendered by the creditor containing the notation “loan” on the bottom. Id. Citing La. R.S. 13:3722, this court reasoned that “[b]oth the statute itself and the jurisprudence which interpret it clearly state that the ‘creditable witness’ whose testimony is used to prove the existence of the debt must be someone other than the claimant, so as to eliminate the possibility of fraud or perjury by witnesses who have a direct pecuniary or proprietary interest in the claim.” Id. at 381-82 (citing Savoie v. Estate of Rogers, 410 So.2d 683 (La.1981)). This court concluded that even if parol evidence was admissible under La. R.S. 3721, the evidence offered was insufficient to prove indebtedness of the decedent to the alleged creditor. Id. at 382.
As in Succession of Flach, the only testimony in the record of this case offered to prove the alleged debt was an affidavit of Mr. Lucien, the creditor himself. Further, the only corroborating evidence offered to prove the debt was the fraud claim that Mr. Lucien filed with the police and copies of checks written by Mr. Lucien to Mrs. Jones. According to the jurisprudence and the statute, without testimony of another credible witness attesting to the debt, this evidence was insufficient to prove the alleged $200,000.00 debt. See La. R.S. 13:3722.
Mr. Lucien also contends that because Mr. Jones signed an acknowledgment of the debt, this alone was sufficient proof of the debt and the other evidence he offered was simply confirming this acknowledgment. However, the acknowledgment was neither filed into the record of the Succession Proceeding, nor introduced into evidence at the hearing on the motion for summary judgment.
This court is a court of record; hence our review is restricted to evidence in the record before us. La. C.C.P. art. 2164. It is well-settled that attachments to briefs are not a part of the record on appeal and cannot be considered in resolving issues on appeal. Miller v. Crescent City Health Care Ctr., 08-1347, p. 8 (La.App. 4 Cir. 5/28/09), 24 So.3d 891, 898-99, (Tobias, J., concurring) (collecting cases). Further, an appellant cannot supplement the record on appeal with memorandum and attachments that were not introduced into evidence at the hearing on the motion for summary judgment. Louisiana Onshore Properties, *631 Inc. v. Manti Res., Inc., 99-1088, p. 5 (La.App. 3 Cir. 12/29/99), 755 So.2d 988, 991-92; Johnson v. Sunbelt Builders, Inc., 02-0959, p. 6 (La.App. 3 Cir. 2/5/03), 838 So.2d 907, 911.
Based on the above principles, we cannot consider the acknowledgment in reviewing the trial court’s ruling on the motion for summary judgment. While the acknowledgment was attached to Mr. Lucien’s appellee brief, it was not properly filed in the trial court. Although Mr. Lu-den supplemented, this appeal with the record of the Tort Suit, which also contains a copy of the acknowledgment, the Tort Suit has not been consolidated with the Succession Proceeding and is not properly before us.
Accordingly, Mr. Luden failed to establish the lack of any genuine issues of material fact and that he is entitled to judgment as a matter of law. Thus, the trial court’s judgment granting the motion for summary judgment is reversed.

DECREE

For the foregoing reasons, the judgment of the trial court is reversed.
REVERSED.

. For ease of reference, the appellant is hereinafter referred to as "Mr. Jones.”

.On August 13, 2012, Mr. Jones filed a motion to consolidate the Tort Suit and the Tutorship Proceeding in the trial court. Mr. Jones, however, did not consolidate these cases with the Succession Proceeding. On appeal, however, Mr. Jones supplemented the Succession Proceeding record (Civil District Court "CDC” No. 2011-11092) with the Tort Suit record (CDC No. 2011-2527) and the . Tutorship Proceeding record (CDC No. 2011— 7462).

. The full list of legal entities is as follows: ROBA, Inc., R.L. Lucien Tile Co. Inc., Good Acres, Inc., RLL-Trust # 1, Citizens Against Legal Abuse Inc. and New Orleans Homes of Care, Inc.

. This acknowledgment, however, was not included with Mr. Lucien's motion for summary judgment. Further, this acknowledgment was never filed into the record for the Succession Proceeding.

. The trial court rendered two essentially identical judgments. The only difference between the two judgments is that one specifies that the administrator is ordered to pay Mr. Lucien "pursuant to La.Code of Civil procedure article 3242.” La. C.C.P. art. 3242 provides as follows:
The succession representative to whom a claim against the succession has been submitted, within thirty days thereof, shall either acknowledge or reject the claim, in whole or in part. This acknowledgment or express rejection shall be in writing, dated, and signed by the succession representative, who shall notify the claimant of his action. Failure of the succession representative either to acknowledge or reject a claim within thirty days of the date it was submitted to him shall be considered a rejection thereof.

. Mr. Lucien’s eleven arguments in favor of dismissal are as follows:
1. The challenged summary judgment is valid as a matter of law.
2. The challenged summary judgment was not legally contested.
3. In addition to other reasons, the summary judgment was granted based an [sic] acknowledgment and assumption of the debt of the estate by the estate representative and further a written agreement to pay the estate debt was acknowledged, assumed and signed before a notary public.
4. The estate representative was and is a party to the debt of the estate and so acknowledged the estate debt.
5. The record contains no issues of material facts as they may relate to the pleadings and conclusions for payment of a debt of the estate.
6. There was no written pleadings or legal memorandum filed to oppose summary judgment.
7. There was no motion for new trial filed "timely” or otherwise to show the court reasons why the judgment should not stand.
8. Issues raised by Appellants are for another court[,] another issue at another time and have nothing to do with the instant motion for new trial.
9. Appellants have nothing to appeal because Appellants made no objections legally to oppose the summary judgment.
10. Appellant’s EXHIBITS apply to an entirely different law suit docket number.
11. The acknowledgment and assumption of the debt of the estate by the administrator (Derrick Jones, Sr.) was referred to by the district court judge in her discussion with counsel in open court as the court’s basis (inclusively) for granting the summary judgment.

. La. C.C.P. art. 2084 provides:
A legal representative may appeal any ap-pealable judgment rendered against him or affecting the property which he is administering, for the benefit of the person whose property he administers or whom he represents, whenever he considers an appeal necessary or advisable.

. La. C.C.P. art. 2083(A) provides:
A. A final judgment is appealable in all causes in.which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.
La. C.C.P. art. 968 provides:
Judgments on the pleadings, and summary judgments, are final judgments and shall be rendered and signed in the same manner and with the same effect as if a trial had been had upon evidence regularly adduced. If the judgment does not grant mover all of the relief prayed for, jurisdiction shall be retained in order to adjudicate on mover’s right to the relief not granted on motion. An appeal does not lie from the court’s refusal to render any judgment on the pleading or summary judgment.

. La. C.C.P. art. 2161 provides as follows:
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.

. La. C.C.P. art. 2161 requires that an appel-lee file a motion to dismiss an appeal within three days of the return day or the lodging of the record on appeal, whichever is later. In the instant case, the later date was the lodging of the record on June 23, 2014. However, Mr. Lucien did not file his motion tó dismiss the appeal until August 7, 2014.

. La. C.C.P. art. 2162 provides as follows:
An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdic *628 tion of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned.
If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe. If an appeal is transferred to the supreme court in error, the supreme court may transfer or retransfer it to the proper court.

. La. R.S. 13:3721 provides:
Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
(4)The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure. The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder.

. Several Louisiana appellate courts have cited Baker for this proposition. See Gatlin v. Kleinheitz, 09-0828, p. 5 (La.App. 1 Cir. 12/23/09), 34 So.3d 872, 875; Bravo v. Borden, 08-323, p. 5 (La.App. 5 Cir. 11/25/08), 3 So.3d 505, 509; and Succession of Crowe v. Henry, 602 So.2d 243, 246 (La.App. 2nd Cir. 1992).

. Mr. Lucien argues that he was allowed to use parol evidence under La. R.S. 13:3721 because Mr. Jones acknowledged the debt within a year of Mrs. Jones’ death. However, as noted elsewhere in this opinion, this acknowledgment was not filed into the record of the Succession Proceeding.