GO-GRAPHICS OF NEW ORLEANS, LLC

VERSUS

REGIONAL TRANSIT AUTHORITY AND TRANSDEV SERVICES, INC. F/K/A VEOLIA TRANSPORTATION SERVICES, INC.

* NO. 2025-CA-0255

*

* COURT OF APPEAL

* FOURTH CIRCUIT

* STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-11320, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Nakisha Ervin-Knott)

**ERVIN-KNOTT, J., DISSENTS AND ASSIGNS REASONS**

Daniel J. Caruso
John F. Shreves
Ashlyn F. Vickers
SIMON PERAGINE SMITH & REDFEARN, LLP
1100 Poydras Street, Suite 3000
New Orleans, LA 70163-3000

 COUNSEL FOR PLAINTIFF/APPELLANT, GO-GRAPHICS OF NEW
 ORLEANS LLC

Kriste Talton Utley
BOYKIN & UTLEY
400 Poydras Street, Suite 1540
New Orleans, LA 70130

 COUNSEL FOR DEFENDANTS/APPELLEES, REGIONAL TRANSIT
 AUTHORITY AND TRANSDEV SERVICES, INC.

**REVERSED AND REMANDED**
**December 22, 2025**

*RML*
*RLB*
*DLD*
*JCL*

This appeal arises from a contractual dispute. Go-Graphics of New Orleans, LLC ("Go-Graphics"), appeals the trial court's judgment, which granted summary judgment and dismissed Transdev Service, Inc. ("Transdev") with prejudice. For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Go-Graphics submitted a bid to the Regional Transit Authority ("RTA"), in response to a request for proposals ("RFP") prepared by RTA's alleged agent, Transdev. After the bid was accepted, Go-Graphics entered into a contract with RTA, wherein Go-Graphics was to provide a minimum of 132 advertising benches at approved bus and streetcar stops, subject to a five-year term. The contract further provided that Go-Graphics was responsible for obtaining the necessary permits from the City of New Orleans ("City"). Prior to the end of the contract's term, the City issued a cease and desist letter to RTA, prohibiting further

1

installations of the advertising benches and ordering the removal of all existing benches within the City. As a result, RTA terminated the contract with Go-Graphics.

Go-Graphics filed a petition for breach of contract and damages against RTA and Transdev (collectively "Defendants"). Go-Graphics then filed an amended petition in 2018, alleging more specifically that Transdev acted as RTA's agent and adding a detrimental reliance claim against Transdev due to alleged inaccurate representations made in the RFP.

Defendants filed a motion for summary judgment contending Go-Graphics breached the contract and that there was a suspensive condition contained in the contract. As the condition did not materialize, Defendants maintained the contract became unenforceable. Further, RTA asserted detrimental reliance claims would not lie because RTA met its obligations. Lastly, Transdev averred no liability without contractual privity.

The trial court denied summary judgment as to RTA based on the existence of a contractual relationship. However, the trial court granted summary judgment in Transdev's favor, and dismissed Transdev from the suit because of the lack of contractual privity. Go-Graphics appealed regarding Transdev's dismissal.

## MOTION FOR SUMMARY JUDGMENT

We previously outlined the standard for reviewing a trial court's grant of a motion for summary judgment as follows:

> This court recently noted that "[t]he standard of review of a trial court's ruling granting a motion for summary judgment, pursuant to La. C.C.P. arts. 966 and 967, and the jurisprudence, is well-settled." *Chapital v. Harry Kelleher & Co.*, 13-1606, p. 5 (La. App. 4 Cir. 6/4/14), 144 So.3d 75, 81. This court summarized the standard of review as follows:

Appellate courts review the grant or denial of a motion for summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiffs [sic] cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Summary judgments are favored, and the summary judgment procedure shall be construed to accomplish these ends. The code provides that where [as in the instant case] the party moving for summary judgment will not bear the burden of proof at trial, their burden does not require them to negate all essential elements of the adverse party's claim, but rather to point out to the court that an absence of factual support exists for one or more elements essential to the adverse party's claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial, no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. The adverse party cannot rest on the mere allegations or denials of his pleadings when a motion for summary judgment is made and supported by affidavits, but is required to present evidence establishing that material facts are still at issue.

*Chapital*, 13-1606 at pp. 5–6, 144 So.3d at 81-82 (quoting *Mandina, Inc. v. O'Brien*, 13-0085, p. 5 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 104, 2013 WL 3945030 (collecting cases)).

*In re Succession of Jones*, 2014-0642, pp. 7-8 (La. App. 4 Cir. 11/12/14), 154

So.3d 624, 628-29.

3

*TRANSDEV*

On appeal, Go-Graphics contends the trial court "erred in failing to recognize that there remain genuine issues of material fact relating to whether Transdev is subject to Go-Graphics' contractually based claims." Finding Go-Graphics' assertions meritorious, we find the trial court erred by dismissing Transdev from the suit.

Generally, a cause of action for breach of contract cannot be asserted in the absence of privity of contract. *See generally N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 9 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1019. However, Go-Graphics contends Transdev, while acting as the management company for RTA, served as an agent. Although Transdev's alleged agency for RTA was disclosed, "an agent becomes personally liable for the contracts of her principal by guaranteeing them personally, by exceeding her authority, and by failing to satisfy her disclosure duties." *Shekinah Glory Ministries v. One Way Deliverance Ministry*, 2022-1170, p. 7 (La. App. 1 Cir. 4/20/23), 366 So.3d 1256, 1261. "It has long been recognized that one who contracts as an agent for another is bound personally if it develops that the other party to the contract was misled or deceived." *Id*.

In support of the motion for summary judgment, Transdev provided an authenticated copy of the 2011 contract that is the subject of this dispute. The contract is signed by Ramsey Skipper, Jr., as the Manager of Go-Graphics, and Barbara Major, as the Chairwoman of the Board of Commissioners of the RTA. A representative of Transdev did not sign the contract. Also attached were the depositions of Brendan Matthews, the current Chief Operating Officer of New Orleans for Transdev; Mr. Skipper, Jr.; Derrick Breun, the former Chief Operating

4

Officer of New Orleans for Transdev; and various related documents.

In opposition, Go-Graphics submitted the contract between RTA and Go-Graphics, the 1442 deposition of RTA via N. Sundiata Haley (RTA is a client), and a letter from Transdev informing Go-Graphics that it must remove fifty-six advertising benches.

Transdev noted, in the memorandum in support of the motion for summary judgment, that Go-Graphics alleged Transdev was an agent of RTA in the amended petition.[1] Transdev was hired to "[m]anage and directly operate the transit system." Attorney Haley stated that Transdev was RTA's transportation manager. Go-Graphics knew Transdev was acting on behalf of RTA.

The evidence presented demonstrates the parties dispute whether the contract was negotiated by RTA or Transdev. Mr. Breun, of Transdev, stated that the contract would have been negotiated by Don Hyde, who was the head of procurement for Transdev. Conversely, Mr. Matthews, also of Transdev, stated that the contract would have been negotiated by RTA. This is material fact at issue based on Go-Graphics' allegations that the contract contained errors regarding the alleged existence of and terms contained within a Cooperative Endeavor Agreement between the City and RTA. Additionally, Transdev, through Stefan Marks, provided the list of pre-approved locations for the initial 132 benches contained in the contract. Moreover, Go-Graphics alleged Transdev misrepresented the ability to obtain permits for the benches.

---

[1] This Court notes, neither party to the appeal attached the petition, amended petitions, or answers to their respective motions on summary judgment. In addition, the pleadings were not referenced as exhibits in the relied upon depositions. Therefore, those pleadings cannot be considered. *See S&P Invs., LLC v. Nguyen*, 2020-0602, p. 5 (La. App. 1 Cir. 1/25/21), 319 So.3d 864, 867 ("Because [defendant's] answers were not filed in accordance with La. C.C.P. art. 966D(2), we cannot determine if [defendant] adequately pled affirmative defenses and thus find this assignment of error meritless.").

Given these disputed issues of material fact regarding Transdev's alleged role as an agent for RTA, we find the trial court erred by granting Transdev's motion for summary judgment. Transdev failed to point out an absence of factual support of elements of Go-Graphics' claims pursuant to La. C.C.P. art. 966(D)(1). Accordingly, we reverse and remand for further proceedings.[2]

## *DECREE*

For the above-mentioned reasons, we find the trial court erroneously granted Transdev's motion for summary judgment, dismissing Go-Graphics' claims against Transdev. We reverse the judgment of the trial court and remand for further proceedings.

**REVERSED AND REMANDED**

---

[2] Go-Graphics contends there are genuine issues as to whether Transdev and RTA acted as a single business enterprise and that Transdev was the alter ego of RTA. However, Go-Graphics did not raise these arguments before the trial court, thus precluding consideration of these issues on appeal. *See Lee v. Sapp*, 2018-0828, p. 5 (La. App. 4 Cir. 2/20/19), 265 So.3d 898, 902 (citing *Geiger v. State ex rel. Dept. of Health and Hosp.*, 2001-2206, p. 10 (La. 4/12/02), 815 So.2d 80, 86)("Generally, appellate courts will not consider issues raised for the first time on appeal, which are not pleaded and addressed in the trial court.").